FILED

2010 Nov-29  PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA


# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **TUFFY HOLLAND,** ) | |
| ) | |
| **Plaintiff,** ) | **CASE NUMBER:** _____ |
| ) | |
| ) | |
| **v.** ) | **Pending in the Circuit Court** |
| ) | **of Jefferson County, Alabama** |
| ) | **Case No: CV-2010-903838.00** |
| **LVNV FUNDING, LLC, &** ) | |
| **LEADING EDGE RECOVERY** ) | |
| **SOLUTIONS, LLC.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

COME NOW the Defendants, LVNV Funding, LLC ("LVNV"), and

Leading Edge Recovery Solutions, LLC ("LERS") and hereby remove the above

styled action from the Circuit Court of Jefferson County, Alabama pending as Civil

Action Number: CV-2010-903838.00, to this United States District Court for the

Northern District of Alabama, Southern Division by stating as follows:

1.    The Plaintiff served both LVNV and LERS with the Summons and

Complaint on or about October 26, 2010.

2.    All claims asserted within the Complaint relate directly to LVNVs'

attempt to collect a debt the Plaintiff alleges he does not owe.  As such, the

{W0276071.1 }

Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA") (Count I), and the state law claim of Malicious Prosecution and Abuse of Process (Count V) against LVNV only.   However, the Plaintiff asserts his remaining state law claims against both Defendants:   Invasion of Privacy by Intrusion Upon Seclusion (Count II), Negligent, Wanton, and/or Intentional Hiring and Supervision of Incompetent Debt Collectors (Count II), Negligent, Wanton, and Intentional Conduct (Count IV) and Fraud (Count V).

3.    The United States District Court for the Northern District of Alabama, Southern Division encompasses the geographic area of the Circuit Court of Jefferson County, Alabama.

4.    Copies of all process and pleadings served upon LVNV and LERS in the state court including the Case Action Summary from the State Judicial Information System web site Alacourt.com are attached hereto as Exhibit A.

5.    Defendants give prompt notice of its filing this Notice of Removal to all parties and to the Circuit Court of Jefferson County, Alabama, by filing a Notice of Filing Notice of Removal, attached as Exhibit B, together with a copy of this Notice of Removal, in the Circuit Court of Jefferson County, Alabama, and by serving same on all parties as provided in 28 U.S.C § 1446(d).

## Jurisdiction Based Upon Federal Question

6.      Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.      The Complaint explicitly alleges claims against LVNV pursuant to the FDCPA.  Specifically, §§1692d, 1962e, (2), (5), (8), (10), and 1692f, (1).

8.      The FDCPA provides: "An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." 15 U.S.C. § 1692k(d).

9.      Actions brought in state court under the FDCPA are removable to the appropriate Federal District Court.  *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263 (11th Cir. 1999).

10.     According to 28 U.S.C. § 1441(b), a defendant in a state court action may remove the action to federal court if the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States."

11.     Moreover, removal pursuant to 28 U.S.C. § 1441(b) is proper "without regard to the citizenship or residence of the parties."

12.     When removal is based upon federal question jurisdiction, the defendant must demonstrate the existence of a federal question based on the well-

{W0276071.1 }

pleaded complaint rule. *Marcus v. AT & T Corp.*, 138 F.3d 46, 52 (2nd Cir. 1998); *see also West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2nd Cir. 1987) (*stating* "[t]he [well-pleaded complaint] rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law . . . and only when plaintiff's well-pleaded complaint raises issues of federal law").

13.    Because the Complaint explicitly alleges claims against LVNV pursuant to the FDCPA, removal is proper under 28 U.S.C. § 1441(b).


## Removal is Timely

14.    The Plaintiff filed his Complaint on October 23, 2010, which raised a federal question by alleging violation of the FDCPA by LVNV.

15.    Per 28 U.S.C. § 1446(b): "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

16.    Both LVNV and LERS received a copy of the Summons and Complaint on October 26, 2010.

17.    Therefore, this notice is being filed with this Court within thirty (30) days after both Defendants received a copy of the initial Pleadings.

## Supplemental and Pendent Jurisdiction

18.     The Complaint alleges several claims against the Defendants based on Alabama common law for Malicious Prosecution and Abuse of Process (Count V – against LVNV only), Invasion of Privacy by Intrusion Upon Seclusion (Count II – both Defendants), Negligent, Wanton, and/or Intentional Hiring and Supervision of Incompetent Debt Collectors (Count II – both Defendants), Negligent, Wanton, and Intentional Conduct (Count IV – both Defendants) and Fraud (Count V – both Defendants).

19.     Each of the Plaintiff's state law claims against the Defendants are rooted upon their alleged contacts and communications with the Plaintiff regarding the debt. (See Exhibit C, Complaint ¶¶ 45 - 52).  The very same facts give rise to LVNV's alleged violation of the FDCPA.  As such, the state law claims contained within the Complaint all relate and rest upon LVNV's alleged violation of the FDCPA and provide for the Court's exercise of supplemental jurisdiction over all state law claims asserted against both Defendants.

### A.     Supplemental Jurisdiction of State Law Claims Against LVNV

20.     To the extent the Plaintiff's state law claims against LVNV are not preempted by the FDCPA, this Court has supplemental jurisdiction over the state law claims against LVNV pursuant to 28 U.S.C. § 1367(a), which provides "the district courts shall have supplemental jurisdiction over all claims that are so

related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution."

21.    The crux of all of the Plaintiff's state law claims and allegations against LVNV relate directly to its conduct alleged to be in violation of federal law (FDCPA), and therefore arise from the same case or controversy.

## B.    Pendent Jurisdiction of All Claims Against LERS

22.    Each of the Plaintiff's state law claims against LERS are subject to the supplemental jurisdiction of this Court by virtue of the doctrine of pendent jurisdiction.   Each and every claim against LERS "derive from a common nucleus of operative fact" as those federal claims asserted against LVNV.   *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725; 86 S. Ct. 1130, 1138 (1966).

23.    Pendent jurisdiction for those state law claims asserted against a co-defendant against whom there is no federal claim is proper when, "[(1)] there is a claim arising under the Constitution, the Laws of the United States . . . and [(2)] *the relationship between that claim and the state claim(s) permits the conclusion that the entire action before the court comprises but one constitutional case.*" *See Gibbs*, 383 U.S. at 725 (Emphasis added); (*See also City of Chicago v. International College of Surgeons*, 522 U.S. 156, 118 S. Ct. 523 (1997); (*Mobil Oil Corp. v. Kelley*, 493 F.2d 784 (5th Cir. 1974).   Moreover, "[t]he state and federal claims must derive from a *common nucleus of operative fact*.   But if, considered

without regard to their federal or state character, *a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then assuming substantiality of the federal issues, there is power in federal courts to hear the whole.* Gibbs, 383 U.S. at 725 (Emphasis added).

24.  Plaintiff relies on language from two federal laws (FDCPA and the Gramm Leech Bliley Act) to bolster his state law claims and plea for compensatory and punitive damages against both Defendants. (See Exhibit C, Complaint ¶¶ 58 - 60).[1]  Again, the common nucleus of all claims asserted against the Defendants rest within their efforts to collect a debt.   Based on the alleged unlawful actions of the Defendants, Plaintiff asserts he is entitled to damages which "will accomplish the goals of Congress in passing the FDCPA" – a federal statute designed to prohibit the exact conduct the Plaintiff claims he was subjected by both Defendants.  (See Exhibit C, Complaint ¶ 52).  As such, Plaintiff's state law claims against LERS are

---

[1] **COUNT II. (ALL DEFENDANTS) - INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

58. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

59. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
> 15 U.S.C. § 1692(a) (emphasis added).

60. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.
> 15 U.S.C. § 6801(a) (emphasis in Complaint).

"so closely tied to questions of federal policy that the argument for [this Court's] exercise of pendent jurisdiction is particularly strong." *Gibbs*, 383 U.S. at 726.

25.     The Defendants also submit the considerations judicial economy, fairness to the litigants, likelihood of jury confusion, and convenience further support this Court's exercise of pendent jurisdiction over Plaintiff's claims against LERS. *Id.* at 726, 727.

WHEREFORE, PREMISES CONSIDERED, Defendants LVNV Funding, LLC and Leading Edge Recovery, LLC. respectfully request this Court to enter an order effecting the removal of this action from the Circuit Court of Jefferson County, Alabama, to this Court and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

DATED this *23* day of November, 2010.

_____

Neal D. Moore, III        (MOO 073)
Larry Young, Jr.          (YOU049)
*Attorneys for LVNV Funding, LLC and Leading Edge Recovery, LLC*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Post Office Box 430189
Birmingham, Alabama 35243-0189
205-879-8722 - phone
205-879-8831 – fax

{W0276071.1 }

## CERTIFICATE OF SERVICE

This is to certify that on this the $\cancel{23}$ day of November 2010, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

      X      mailing the same by first-class United States mail, properly addressed and postage pre-paid

             hand delivery

             via facsimile

             E-File

John G. Watts
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone:(205) 879-2447
Fax:   (888) 522-7167
john@wattslawgroup.com

M. Stan Herring, PC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: (205) 714-4443
Fax:    (888) 522-7167
msh@mstanherringlaw.com

_____

OF COUNSEL

# EXHIBIT "A"

## Case Action Summary - 01CV201090383800

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 10/23/2010 | 11:44:54 | EFILE | COMPLAINT E-FILED. | WAT056 |
| 10/23/2010 | 11:46:14 | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 10/23/2010 | 11:46:15 | FILE | FILED THIS DATE: 10/23/2010          (AV01) | AJA |
| 10/23/2010 | 11:46:16 | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 10/23/2010 | 11:46:17 | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 10/23/2010 | 11:46:18 | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 10/23/2010 | 11:46:19 | EORD | E-ORDER FLAG SET TO "N"          (AV01) | AJA |
| 10/23/2010 | 11:46:20 | ASSJ | ASSIGNED TO JUDGE: HELEN SHORES LEE          (AV01) | AJA |
| 10/23/2010 | 11:46:21 | C001 | C001 PARTY ADDED: HOLLAND TUFFY          (AV02) | AJA |
| 10/23/2010 | 11:46:22 | ATTY | LISTED AS ATTORNEY FOR C001: WATTS JOHN GRIFFIN | AJA |
| 10/23/2010 | 11:46:23 | EORD | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 10/23/2010 | 11:46:24 | ATTY | LISTED AS ATTORNEY FOR C001: HERRING MYLES STANLE | AJA |
| 10/23/2010 | 11:46:26 | D001 | D001 PARTY ADDED: LVNV FUNDING, LLC          (AV02) | AJA |
| 10/23/2010 | 11:46:27 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 10/23/2010 | 11:46:28 | SUMM | CERTIFIED MAI ISSUED: 10/23/2010 TO D001   (AV02) | AJA |
| 10/23/2010 | 11:46:29 | EORD | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 10/23/2010 | 11:46:32 | D002 | D002 PARTY ADDED: LEADING EDGE RECOVERY SOLUTIONS, | AJA |
| 10/23/2010 | 11:46:33 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 10/23/2010 | 11:46:34 | SUMM | CERTIFIED MAI ISSUED: 10/23/2010 TO D002   (AV02) | AJA |
| 10/23/2010 | 11:46:35 | EORD | D002 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 10/23/2010 | 11:46:36 | EFILE | COMPLAINT - SUMMONS | |
| 10/25/2010 | 11:31:39 | ---- | SCANNED - CERTIFIED MAIL - TUFFY HOLLAND | |
| 10/26/2010 | 12:00:00 | ---- | SCANNED - RETURN OF SERVICE - C/M ON LVNV FUNDING LLC RECVD BY LAURA PAYNE | |
| 10/26/2010 | 12:00:00 | ---- | SCANNED - RETURN OF SERVICE - ON LEADING EDGE RECOVERY SOLUTIONS LLC/ LAURA PAYNE | |
| 11/02/2010 | 8:33:15 | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 11/02/2010 | 8:35:35 | SERC | SERVICE OF CERTIFIED MAI ON 10/26/2010 FOR D001 | AJA |
| 11/02/2010 | 10:48:29 | SERC | SERVICE OF CERTIFIED MAI ON 10/26/2010 FOR D002 | ALW |

ELECTRONICALLY FILED
10/23/2010 11:44 AM
CV-2010-903838.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **TUFFY HOLLAND, an individual** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **LVNV FUNDING, LLC, a Corporation;** | ) | |
| **LEADING EDGE RECOVERY SOLUTIONS,** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### PLAINTIFF'S INTERROGATORIES, REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR PRODUCTION OF STATEMENTS TO DEFENDANTS LVNV FUNDING, LLC AND LEADING EDGE RECOVERY SOLUTIONS, LLC

---

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state

the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or

negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.      The date of the document;

b.      The type of document;

c.      The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.      The name of the employer or principal whom the signers, addressers and preparers were representing;

e.      The present location of the document;

f.      The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.      A summary of the contents of the document; and

h.      If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Unless otherwise stated all discovery requests cover a time period of three (3) years prior to the filing of the suit to the day the Defendant responds to the discovery.

## INTERROGATORIES TO ALL DEFENDANTS

**Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:**

1.  For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory, state the following:

    a.  First, last, and middle legal name;

    b.  All DBA, fake, or alias name(s) used by this person;

    c.  Job title or capacity;

    d.  Business address and telephone number;

    e.  Home address and telephone number;

    f.  Age;

2.  Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

3.  Identify all persons known to Defendants to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

    a.  First, last, and middle legal name;

    b.  All DBAs, fake, or alias name(s) used by this person;

    c.  Job title or capacity;

    d.  Business address and telephone number;

    e.  Home address and telephone number;

    f.  Age;

    g.  State the general substance of each person's knowledge.

4.  Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities and filing and prosecuting lawsuits, including but not limited to:

    a.  The training content, timing, and duration;

    b.  All documents and audio or visual materials used in such training; and

    c.  Each person involved in providing such training.

5.  Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants or Defendant's employees or agents are given, read, review, or otherwise use, regarding the collection of debts.

6.  Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

7.  Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts for the previous three years and up through the present.

8.  Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and Defendants' policies and procedures for operating such a system of records for the previous three years and up through the present.

9.     Identify whether any or all of the Defendants electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

10.    Identify whether any or all of the Defendants recorded any telephone call with the Plaintiffs and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

11.    Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiff and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

12.    In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed or otherwise assigned to the Defendants for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

13.    Identify and describe each communication, or attempted communication, between the Defendants and the Plaintiff, or any other person (including your collection lawyers), which is in any way related to the Plaintiff or the Plaintiff's alleged debt, by stating the following:

a.     The name of the individual initiating communication;

b.     The name of the person and/or description of the person to whom the communication was directed;

c.     The date and time of the communication;

d.     The method of the communication (e.g. letter, phone call, in-person, autodialer, pre-recorded message, predictive dialer, etc);

e.     A detailed description of the substance of the communication, (do not simply refer to collection notes);

f.     Identification of all witnesses to or participants in the communication; and,

g.     Any actions taken by any Defendant as a result of the communication.

14.   Identify the full legal name, address, telephone, position, and title of all former employees of Defendants who in any manner were involved with the account of the Plaintiffs for a period of three (3) before the date of this request to the present.

15.   Identify all lawsuits brought against Defendants at any time arising out its collection or attempted collection activities, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

16.   Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

17. If you are asserting a bona fide error defense, identify all persons, documents, and policies that apply or relate to the defense and states in detail the following:

    a.     The basis of the defense;

    b.     The procedures you have in place to avoid a violation of the FDCPA; and

    c.     What caused the FDCPA to be violated despite your procedures to avoid such a violation.

18. Why did you sue Plaintiff for a debt that had been settled?  Identify all reasons and persons involved.

19. Why did you not dismiss the case with prejudice after Plaintiff told you he had settled the case?

20. Why did you not show up at trial after the District Court of Tuscaloosa denied your Motion to Dismiss without prejudice?

21. State every basis you had for filing the collection lawsuit against Plaintiff and identify all documents and persons involved in the decision to file suit against Plaintiff and to continue to prosecute the suit against the Plaintiff.

22. Explain in detail (and identify all persons and documents) the settlement offer by you and Plaintiff's acceptance of it by payment of $5,144.74 (check number 1516 in March 2008) and what happened to document the settlement and what happened to the settlement money.

23. Explain all credit reporting you have done, including inquiries, since March 2008 and the basis for every such action and identify who authorized or did such acts and state whether it was proper or legal for you to do so.

## REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

**Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents as they may desire:**

1.    Any and all documents identified, consulted, reviewed or referred to in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements.

2.    Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees and agents in any and all of the following areas:

        a.    Collection policies;

        b.    Collection procedures;

        c.    Collection methods;

        d.    Collection techniques;

        e.    Collection tactics;

        f.    Collection rules;

        g.    Collection regulations; and

        h.    Compliance with local, state, or federal laws, codes, or regulations.

3.    Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or who are agents of Defendants or supervised by Defendants for the three (3) years prior and up to the present.

4.  Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts for the three (3) years prior and up to the present.

5.  Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints,  regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities, for a period of three (3) years before the date of this request to the present.

6.  Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject of private or other complaints by any person, for every Defendant, person, employee, agent, assignee who collected or attempted to collect the alleged debt from the Plaintiffs.

7.  Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiffs reside.

8.  Any and all documents in the possession or control of the Defendants which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

9.   Any and all documents or recordings documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiff, including but not limited to:

   a.   Records of all inbound or outbound telephone calls, to or from Plaintiff;

   b.   Records of all inbound or outbound United States mail, to or from Plaintiff.

   c.   Records of all other inbound or outbound communication of whatever kind, to or from Plaintiff.

10.   Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to any Plaintiff.

11.   A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

12.   Exemplars of any and all orientation, new hire, or any other manual given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of three (3) years to the present.

13.   Exemplars of any and all documents of whatever kind given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of three (3) years to the present.

14.   Every document, including Answers, Rule 11 letters, Rule 11 Motions, etc. in which you have sought or threatened to seek sanctions, costs, attorney's fees, or any other relief against a Plaintiff who has brought suit against you.

- 12 -

15.   All documents between you and your collection lawyers who filed suit against Plaintiff which relate to Plaintiff and all documents which relate to filing suits, monitoring suits, dismissing suits, and testifying at trial.

**REQUEST FOR PRODUCTION OF STATEMENTS TO ALL DEFENDANTS**

**Pursuant to Rule 26 and 34 of the Rules of Civil Procedure, Plaintiff demands that copies of the following be made available:**

1.   All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.

**REQUEST FOR ADMISSIONS TO LVNV FUNDING, LLC ONLY**

**Pursuant to the Rules of Civil Procedure the Plaintiff demands that the following be admitted or denied by Defendant LVNV:**

1.   The debt being collected is a consumer debt as defined by the FDCPA.

2.   You are a "debt collector" as defined by the FDCPA.

3.   Plaintiff did not owe you any money at the time you sued Plaintiff.

4.   Plaintiff told you before you filed suit that he did not owe you any money.

5.   Plaintiff told you after you filed suit that he did not owe you any money.

6.   You attempted to dismiss the suit against Plaintiff without prejudice so you could sue him again.

7.   You attempted to dismiss the suit against Plaintiff without prejudice so you could sell or assign the debt to another collector.

8.   At the time you filed suit, you reported to Equifax, Experian, Trans Union, or Innovis that Plaintiff owed you a balance on the account.

9.     If Plaintiff had not defended the suit you would have sought a default judgment against Plaintiff.

10.    If Plaintiff had sought to settle the lawsuit with you, you would have taken his money.

11.    No honorable debt collector would sue a consumer it knows does not owe a debt to the debt collector.

12.    No honorable debt collector would continue to prosecute a consumer it knows does not owe a debt to the debt collector.

13.    An honorable debt collector would dismiss a case with prejudice when it realized it sued a consumer who does not owe it any money.

14.    You did not show up for trial.

15.    At the time you filed suit, you did not intend on sending a witness to trial.

16.    You understand that having a bogus suit against you in the public record is damaging to you.

17.    You have sought, or threatened to seek, sanctions against FDCPA Plaintiffs (not Plaintiff Holland) for filing frivolous suits against you.

18.    You have continued to send cases to the collection law firm (that filed suit against Plaintiff) after the trial of Plaintiff's case on June 15, 2010.

19.    The settlement proposed by LERS was within the line and scope of their agency agreement with you.

20.    LERS sent you (in March or April 2008) the proper amount of the $5,144.74 that Plaintiff paid to LERS to settle this debt.

21.    LERS notified you prior to February 2010 that Plaintiff had settled the account.

## REQUEST FOR ADMISSIONS TO LEADING EDGE
## RECOVERY SOLUTIONS, LLC ONLY

**Pursuant to the Rules of Civil Procedure the Plaintiff demands that the following be**

**admitted or denied by Defendant Leading Edge Recovery Solutions, LLC:**

1.     You offered to settle with Plaintiff the LVNV debt for $5,144.74.

2.     Plaintiff fully complied with your settlement offer.

3.     You sent the proper amount of the $5,144.74 to LVNV.

4.     You notified (in 2008) LVNV of the settlement of the LVNV debt.

5.     You notified (in 2009) LVNV of the settlement of the LVNV debt.

6.     You notified (in 2010) LVNV of the settlement of the LVNV debt.

7.     You intended on Plaintiff to rely upon your representation that the debt was settled if he
paid you $5,144.74.

8.     You did not tell Plaintiff (prior to or after he paid you) he would be sued after he paid
you the $5,144.74.

Respectfully Submitted,

 /s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

- 15 -

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com


**SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
10/23/2010 11:44 AM
CV-2010-903838.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| TUFFY HOLLAND, an individual | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| LVNV FUNDING, LLC, a Corporation; | ) |
| LEADING EDGE RECOVERY | ) |
| SOLUTIONS, LLC, | ) |
| | ) |
| Defendants. | ) |

### REQUEST FOR INSPECTION AT LEADING EDGE RECOVERY SOLUTIONS, LLC

TO:  DEFENDANT LEADING EDGE RECOVERY SOLUTIONS, LLC

**PLEASE TAKE NOTICE** that pursuant to the <u>Rules of Civil Procedure</u>, Plaintiff propounds the following:

### INSTRUCTIONS

If any objection is made to any of the following request, the Defendant LERS shall make any such objection and state the relevant legal basis for such objection.  If any objection is made based upon a claim of privilege as to any response, Defendant LERS shall state the legal basis for the privilege Defendant LERS is invoking and provide a detailed privilege log to support the invocation of such privilege.

### REQUEST FOR INSPECTION PURSUANT TO RULE 34

Pursuant to Rule 34 of the <u>Rules of Civil Procedure</u>, Plaintiff requests that Defendant LVNV provide access to its collection center for Defendant LERS, which upon information and belief is located at an address of 5440 N, Cumberland Ave, Suite 300 Chicago, IL 60656-1486 on **Monday, February 7, 2011 at 10:00 a.m., or some other mutually agreeable time,** to the locations or things described herein and permit Plaintiff and Plaintiff's attorneys to inspect:

1. The work areas and work stations, and/or former work areas and work stations of the individual collectors who collected or attempted to collect Plaintiff's account;

2. The collection management offices of the managers of the individual collectors identified above;

3. The physical phone systems, computer systems, and other manual or electronic systems used to conduct collection activities within the premises occupied by the individual collectors in their capacity as collectors with Defendant LERS or former facilities thereof;

4. The personal files of the individual collectors;

5. A seating chart defining each work area within the Defendant LERS's collection premises located at the above address and an organizational chart indicating the various reporting relationships between and amongst collection staff and management of the Defendant LERS;

6. Any and all recording equipment or call tracking equipment used or formally used by Defendant LERS and/or it's collectors in the course of the collection activities for Defendant LERS in this matter;

7. Equipment, processes, or other electronic or manual methods whereby management and supervisory personnel employed by Defendant LERS listen in, intercept, record, or otherwise monitor any and all collection calls made by individual collectors at the address listed above; and

8. System used to notify LVNV of a settlement and to transfer the settlement money to LVNV.

/s/ John G. Watts
**John G. Watts**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

SERVE WITH SUMMONS AND COMPLAINT

ELECTRONICALLY FILED
10/23/2010 11:44 AM
CV-2010-903838.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| TUFFY HOLLAND, an individual | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| LVNV FUNDING, LLC, a Corporation; | ) |
| LEADING EDGE RECOVERY | ) |
| SOLUTIONS, LLC, | ) |
| | ) |
| Defendants. | ) |

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF LEADING EDGE RECOVERY SOLUTIONS, LLC

Take notice, that Plaintiff will take the video deposition of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONENT:** **Corporate Representative of Leading Edge Recovery Solutions, LLC**

**DATE:** **January 28, 2010**

**TIME:** **10:00 am**

**PLACE:** **Watts Law Group, P.C.**
**The Kress Building**
**301 19th Street North**
**Birmingham, AL 35203**

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:

1. The Defendant's investigation into the claims made by Plaintiff in the Complaint;

2. The methods, practices, techniques and strategies used by Defendant in training their collection employees;

3.   The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

4.   The management, supervision, and discipline of all Defendant's collection employees and agents;

5.   The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's alleged account;

6.   All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

7.   The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff and which is the subject matter of this lawsuit;

8.   The telephone system(s), local and long distance services used by Defendant and its collection employees and agents in the course of their business or in the course of collecting accounts;

9.   The phone systems of Defendant and any monitoring and recording of telephone calls;

10.  The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

11.  The long distance telephone provider used to make calls relating to the herein account;

12.  The factual basis for the Defendant's Answer;

13.  The factual basis for the Defendant's defenses contained in its Answer;

14.  The maintenance of procedures by Defendant to avoid violations of the Fair Debt Collection Practices Act;

15. The Defendant's compliance with the Fair Debt Collection Practices Act in its collection businesses;

16. All documents produced to Plaintiff by Defendant in the course of this case.

17. The general nature of the Defendant's businesses;

18. The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from three (3) years prior to the date of this notice to the present.

19. The conduct of Defendant in collecting the alleged debt against Plaintiff.

20. The chain of title for the debt from the original creditor to you.

21. Assignment of the debt or collection of the debt from or to you by any other collector including LVNV.

22. Management, oversight, or direction of the law firm that filed suit against Plaintiff in SM-2010-960.

23. Defendant's responses to discovery from Plaintiff.

24. Settlement of the alleged debt by Plaintiff to you.

## DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1. All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
10/23/2010 11:44 AM
CV-2010-903838.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **TUFFY HOLLAND, an individual** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.:** |
| | ) |
| **LVNV FUNDING, LLC, a Corporation;** | ) |
| **LEADING EDGE RECOVERY** | ) |
| **SOLUTIONS, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF LEADING EDGE RECOVERY SOLUTIONS, LLC

Take notice, that Plaintiff will take the video deposition of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONENT:**     **Corporate Representative of Leading Edge Recovery Solutions, LLC**

**DATE:**     **January 28, 2010**

**TIME:**     **10:00 am**

**PLACE:**     **Watts Law Group, P.C.**
**The Kress Building**
**301 19th Street North**
**Birmingham, AL 35203**

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:

1. The Defendant's investigation into the claims made by Plaintiff in the Complaint;

2. The methods, practices, techniques and strategies used by Defendant in training their collection employees;

3.      The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

4.      The management, supervision, and discipline of all Defendant's collection employees and agents;

5.      The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's alleged account;

6.      All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

7.      The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff and which is the subject matter of this lawsuit;

8.      The telephone system(s), local and long distance services used by Defendant and its collection employees and agents in the course of their business or in the course of collecting accounts;

9.      The phone systems of Defendant and any monitoring and recording of telephone calls;

10.     The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

11.     The long distance telephone provider used to make calls relating to the herein account;

12.     The factual basis for the Defendant's Answer;

13.     The factual basis for the Defendant's defenses contained in its Answer;

14.     The maintenance of procedures by Defendant to avoid violations of the Fair Debt Collection Practices Act;

15. The Defendant's compliance with the Fair Debt Collection Practices Act in its collection businesses;

16. All documents produced to Plaintiff by Defendant in the course of this case.

17. The general nature of the Defendant's businesses;

18. The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from three (3) years prior to the date of this notice to the present.

19. The conduct of Defendant in collecting the alleged debt against Plaintiff.

20. The chain of title for the debt from the original creditor to you.

21. Assignment of the debt or collection of the debt from or to you by any other collector including LVNV.

22. Management, oversight, or direction of the law firm that filed suit against Plaintiff in SM-2010-960.

23. Defendant's responses to discovery from Plaintiff.

24. Settlement of the alleged debt by Plaintiff to you.

**<u>DUCES TECUM</u>**

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1. All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
10/23/2010 11:44 AM
CV-2010-903838.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| TUFFY HOLLAND, an individual | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| LVNV FUNDING, LLC, a Corporation; | ) |
| LEADING EDGE RECOVERY | ) |
| SOLUTIONS, LLC, | ) |
| | ) |
|     Defendants. | ) |

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF LVNV FUNDING, LLC

Take notice, that Plaintiff will take the video deposition of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONENT:**      **Corporate Representative of LVNV Funding, LLC**

**DATE:**      **January 27, 2010**

**TIME:**      **10:00 a.m.**

**PLACE:**      **Watts Law Group, P.C.**
                 **The Kress Building**
                 **301 19th Street North**
                 **Birmingham, AL 35203**

        **Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:**

1.      The Defendant's investigation into the claims made by Plaintiff in the Complaint;

2.      The methods, practices, techniques and strategies used by Defendant in training their collection employees;

3.  The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

4.  The management, supervision, and discipline of all Defendant's collection employees and agents;

5.  The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's alleged account;

6.  All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

7.  The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff and which is the subject matter of this lawsuit;

8.  The telephone system(s), local and long distance services used by Defendant and its collection employees and agents in the course of their business or in the course of collecting accounts;

9.  The phone systems of Defendant and any monitoring and recording of telephone calls;

10. The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

11. The long distance telephone provider used to make calls relating to the herein account;

12. The factual basis for the Defendant's Answer;

13. The factual basis for the Defendant's defenses contained in its Answer;

14. The maintenance of procedures by Defendant to avoid violations of the Fair Debt Collection Practices Act;

15. The Defendant's compliance with the Fair Debt Collection Practices Act in its collection businesses;

16. All documents produced to Plaintiff by Defendant in the course of this case.

17. The general nature of the Defendant's businesses;

18. The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from three (3) years prior to the date of this notice to the present.

19. The filing of the collection suit against Plaintiff.

20. The conduct of Defendant in collecting the alleged debt against Plaintiff.

21. The chain of title for the debt from the original creditor to you.

22. Assignment of the debt (or collection of the debt) from you to any other collector including Leading Edge Recovery Solutions and the collection law firm that sued Plaintiff in Tuscaloosa County, Alabama with a case number of SM-2010-960.

23. All collection activity against Plaintiff by you or your agents.

24. Management, oversight, or direction of the law firm that filed suit against Plaintiff in SM-2010-960.

25. Defendant's responses to discovery from Plaintiff.

**DUCES TECUM**

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant

must bring the following documents with them to the deposition:

1.    All documents responsive to the Request for Production of Documents and documents

related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts _____

**John G. Watts**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring _____

**M. Stan Herring**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
10/23/2010 11:44 AM
CV-2010-903838.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **TUFFY HOLLAND, an individual** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.:** |
| | ) |
| **LVNV FUNDING, LLC, a Corporation;** | ) |
| **LEADING EDGE RECOVERY** | ) |
| **SOLUTIONS, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE TO TAKE DEPOSITION OF 30(b)(1) EMPLOYEES OR AGENTS OF LVNV FUNDING, LLC

Take notice, that Plaintiff will take the video deposition of the following individuals pursuant

to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition

notice and any attachments, and present the originals of these documents for inspection and copying

at the deposition. The deposition will continue until completed.

**DEPONENT:**     **Employees or Agents of LVNV FUNDING, LLC**

**DATE:**          **January 27, 2010**

**TIME:**          **2:00 pm**

**PLACE:**         **Watts Law Group, P.C.**
                   **The Kress Building**
                   **301 19th Street North**
                   **Birmingham, AL 35203**

Please note that pursuant to the Rules of Civil Procedure 30(b)(1), the employee(s) or

agent(s) of the Defendant must designate an individual(s) who:

1.     Made the decision to send the case or file to the collection lawfirm after March 1, 2008.

2.     Managed the litigation and the law firm that sued Plaintiff Holland.

3.     Authorizing or approving any credit reporting on Plaintiff Holland after March 1, 2008.

-1-

4.      Approving or authorizing the decision to sue Plaintiff Holland after March 1, 2008.

5.      Approving or authorizing the decision to not dismiss the case with prejudice.

6.      Approving or authorizing the decision to not send a witness to the trial on June 15, 2010.

7.      Responsible for receiving settlement funds from LERS in 2008.

8.      Responsible for marking a file as being "closed" or "settled in full" or otherwise ceasing collection activities in 2008, 2009, and 2010.

9.      Responsible for or devised the notification system used between LVNV and LERS for handling and processing settlement payments and when a case or file is determined to be closed or settled in full in the years 2008, 2009, and 2010.

## DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, the designated individual(s) of Defendant must bring the following documents with them to the deposition:

1.      All documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring_____
**M. Stan Herring**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
10/23/2010 11:44 AM
CV-2010-903838.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **TUFFY HOLLAND, an individual** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.:** |
| | ) |
| **LVNV FUNDING, LLC, a Corporation;** | ) |
| **LEADING EDGE RECOVERY** | ) |
| **SOLUTIONS, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE TO TAKE DEPOSITION OF 30(b)(1) EMPLOYEES OR AGENTS OF LEADING EDGE RECOVERY SOLUTIONS, LLC

Take notice, that Plaintiff will take the video deposition of the following individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONENT:**   **Employees or Agents of Leading Edge Recovery Solutions, LLC**

**DATE:**   **January 27, 2010**

**TIME:**   **1:00 pm**

**PLACE:**   **Watts Law Group, P.C.**
**The Kress Building**
**301 19th Street North**
**Birmingham, AL 35203**

Please note that pursuant to the Rules of Civil Procedure 30(b)(1), the employee(s) or agent(s) of the Defendant must designate an individual(s) who:

1.   Handled, received, and processed the settlement money from Plaintiff Holland.

2.   Notified or should have notified LVNV of the receipt of the settlement money from Plaintiff Holland.

3.      Notified or should have notified LVNV of the fact that the LVNV debt was settled in full after the receipt of the settlement money from Plaintiff Holland.

4.      Devised the system for notification and transfer of money to LVNV in the event of a settlement.

5.      Created, edited, or approved the settlement letter that was sent to Plaintiff Holland which resulted in Plaintiff Holland paying $5,144.74 to Defendant LERS.

6.      Was responsible for sending the file or account back to LVNV at anytime after March 1, 2008.

## DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, the designated individual(s) of Defendant must bring the following documents with them to the deposition:

1.      All documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts

**John G. Watts**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
10/23/2010 11:44 AM
CV-2010-903838.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| TUFFY HOLLAND, an individual | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| LVNV FUNDING, LLC, a Corporation; | ) |
| LEADING EDGE RECOVERY | ) |
| SOLUTIONS, LLC, | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants state as follows:

1. This action arises out of Defendant LVNV's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA[1]"), and out of state law violations and out of the invasions of Plaintiff's personal and financial privacy by all of the Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Debt collectors are abusing Alabama consumers at an astonishing rate and are doing so as they believe few consumers know their rights or will act upon their rights so the economic gain far outweighs any perceived danger of a lawsuit or verdict.

3. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

   (a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

---

[1] Any reference to the FDCPA includes all applicable subsections whether explicitly stated or not.

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)     **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)     It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## PARTIES

4.      Plaintiff Tuffy Holland (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant LVNV Funding, LLC, ("Defendant" or "LVNV[2]") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Alabama. Its principal place of business is in the State of Nevada and it is incorporated in Delaware.

6.      Defendant Leading Edge Recovery Solutions, LLC., ("Defendant" or "Leading Edge") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Alabama. Its principal place of business is in the State of Illinois and it is incorporated in Illinois.

## Factual Allegations

7.      Plaintiff settled his alleged LVNV debt with LVNV and LERS in March 2008 by paying $5,144.77 on an alleged debt of $7,349.63, which resulted in a zero balance being owed.

---

[2] LVNV means LVNV directly or through its debt collectors including Defendant LERS and the collection law firm that sued Plaintiff.

8.      Defendant LVNV started (within the last 12 months) calling Plaintiff to collect this non-existent debt after Plaintiff settled the debt with Defendant.

9.      Plaintiff pointed out to Defendant LVNV that he paid the debt and Defendant LVNV refused to stop collection activities.

10.     Instead, with full knowledge that Plaintiff owed Defendant LVNV no money, on or about April 5, 2010, Defendant LVNV sued Plaintiff in the Small Claims Court of Tuscaloosa County, Alabama, with a case number of SM-10-960, for the approximate difference between the amount claimed to be owed and the amount Plaintiff paid Defendants in March 2008.

11.     In this suit, Defendant LVNV asserted it was the owner of a certain debt allegedly owed by Plaintiff.

12.     In Plaintiff's Answer of May 3, 2010, Plaintiff produced a copy of the settlement collection letter by Defendants and the cancelled settlement check to the Court and the Defendant LVNV.

13.     In Plaintiff's Answer to the collection suit, Plaintiff stated "I would like for this company [LVNV] to do what they said they would do as I have already done."

14.     The collection letter from 2008 stated if the settlement amount was paid, "we will consider the account SETTLED IN FULL."

15.     An honorable debt collector would have immediately dismissed the case with prejudice.

16.     Defendant LVNV refused to dismiss the lawsuit.

17.     Defendant LVNV is not an honorable debt collector.

18.     Defendant LVNV waited until immediately before trial to take any action – this was an attempt to take Plaintiff's money when Plaintiff owed no money to Defendant LVNV.

3

19.  Defendant LVNV, realizing it had been caught, tried to dismiss the lawsuit the Friday before trial.  The motion to dismiss the lawsuit requested that the dismissal be <u>without prejudice</u> as the Defendant LVNV intended to be able to sue the Plaintiff in the future or to sell or assign the debt to a collector who would then collect against Plaintiff.  The Motion is dated April 27, 2010, but it is stamped filed on June 11, 2010, over 30 days <u>after</u> Defendant had been caught filing this bogus suit.

20.  Plaintiff had to hire legal counsel.

21.  The Court denied the "motion to dismiss without prejudice" on June 11, 2010.

22.  Showing a complete disrespect to the Plaintiff and to the Court, Defendant LVNV and/or Defendant LVNV's counsel did not even show up for the trial in the bogus and frivolous suit it brought against Plaintiff.

23.  The Judge entered an Order dismissing the case with prejudice on June 15, 2010.  The Order states "Dismissed with prejudice.  Plaintiff [LVNV] <u>failed to appear</u>." [Emphasis added].

24.  The Defendant LVNV filed and continued to prosecute the case without any reasonable basis to do so.

25.  The case against Plaintiff was brought with malice against Plaintiff.

26.  Defendant LVNV has falsely reported to the credit reporting agencies that Plaintiff owed it money.

27.  This was done in order to extort money out of Plaintiff.

28.  Defendant LVNV assigned the alleged debt to Defendant LERS at some point prior to March 2008.

29.     Defendant LERS only took collection actions  authorized by Defendant LVNV and only engaged in authorized collection activities authorized by Defendant LVNV against Plaintiff Holland.

30.     All of the activities of Defendant LERS were taken in the line and scope of its agency relationship with Defendant LVNV.

31.     Defendant LERS sent a collection letter to Plaintiff in early 2008 making the representation that if Plaintiff paid $5,144.74, that the account would be settled in full and that the credit report agencies would be informed of this.

32.     This collection letter was fraudulent as Defendants LVNV and LERS had no intention of considering the account settled in full and Defendant LVNV had no intention of informing the credit reporting agencies that the account was settled in full.

33.     One intention of the Defendants LVNV and LERS was to deceive Plaintiff into paying $5,144.74 by promising that this payment would close the account.

34.     The Defendants LVNV and LERS intended that after the payment of the $5,144.74 that either Defendants LVNV and LERS jointly or separately would continue collection activities against Plaintiff.

35.     Some of these collection activities would include:

- Collection calls;

- False credit reporting that a balance was still owed and that the account had not been settled in full; and

- Filing of a lawsuit.

36.      Defendant LVNV took some or all of the actions listed above and may have engaged in other collection activities against Plaintiff that Plaintiff is not aware of at this time.

37.   Defendants LVNV and LERS suppressed the truth from Plaintiff in that Defendants LVNV and LERS did not reveal that the settlement offer was fraudulent and that Defendants either separately or jointly would continue to engage in collection activities against Plaintiff.

38.   Defendants LVNV and LERS had an obligation and a duty to speak the truth as Defendants LVNV and LERS are not allowed to make statements which do not contain the full truth.

39.   Plaintiff believed the Defendants LVNV and LERS and reasonably and justifiably relied upon the misrepresentations and suppressions of material facts.

40.   Plaintiff has been damaged by the misrepresentations and suppressions of material facts by Defendants LVNV and LERS in that Plaintiff paid $5,144.74 on a debt which is highly likely Plaintiff did not even owe, but regardless of that fact, Plaintiff paid this money and yet was subjected to the reprehensible abusive collection activities of the Defendants LVNV and LERS including false credit reporting and being sued by Defendant LVNV.

41.   Plaintiff just discovered the fraud when Defendant LVNV, in the last 12 months, began collection activities against Plaintiff.

42.   Defendants LVNV and LERS misconduct caused damage to the Plaintiff.

43.   The Defendants LVNV and LERS misconduct was designed to harm the Plaintiff as Defendants LVNV and LERS acted with full knowledge of the damage this type of misconduct will cause.

44.   Defendants LVNV and LERS were successful in their plan, scheme, design, and did in fact cause severe damages to Plaintiff.

## SUMMARY

45.    All of the above-described collection communications made to Plaintiff by Defendant LVNV and collection agents of Defendant LVNV were made in violation of the FDCPA, including (but not limited to) §1692d, §1692e (including (2), (5), (8), (10)), §1692f (including (1)).

46.    The above-detailed conduct by these Defendants LVNV and LERS of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

47.    This series of abusive collection actions by Defendants LVNV and LERS and their agents caused Plaintiff stress and anguish as a result of these abusive calls.

48.    Defendants LVNV and LERS attempts to collect this debt from Plaintiff and refusal to stop violating the law is an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

49.    Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants LVNV and LERS in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

50.    The only way that abusive debt collectors like Defendants LVNV and LERS will stop their abusive practices towards consumers is by a jury verdict fully compensating Plaintiffs for the harm done to Plaintiffs and by a punitive damage award in excess of $750,000.

51.    A punitive damage award in excess of $750,000 will get the attention of Defendants LVNV and LERS and other abusive debt collectors so that they will realize that it no

longer makes economic sense to abuse consumers in Alabama and to gain an unfair competitive advantage over honorable, law abiding collectors.

52.     A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate within the boundaries of the law.

### NEGLIGENT AND WANTON HIRING AND SUPERVISION

53.     Defendants LVNV and LERS negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

### CAUSES OF ACTION

### COUNT I. (LVNV ONLY)

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

54.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.     The acts and omissions of Defendant LVNV and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

56.     As a result of Defendant LVNV's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant LVNV.

## COUNT II. (ALL DEFENDANTS)

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

57.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

58.    Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

59.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

60.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

61.    Defendants and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

9

62.   Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

63.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

64.   The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

65.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

66.   All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

### COUNT III. (ALL DEFENDANTS)

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

67.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

68.   Defendants' collectors are allowed and encouraged to break the law in order to collect debts.

69.   Defendants are aware of the wrongful conduct of their collectors.

70.   Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done

to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV (ALL DEFENDANTS)

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

71.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

72.   Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

73.   Defendants violated all of the duties Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

74.   It was foreseeable, and Defendants did in fact foresee it, the actions of the Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

75.   Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

76.   Defendants invaded the privacy of Plaintiff as set forth in Alabama law.

77.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

78.   As a result of this conduct, action, and inaction of Defendants, Plaintiff has suffered damages as set forth in this Complaint.

## COUNT V (LVNV ONLY)

## MALICIOUS PROSECUTION AND ABUSE OF PROCESS AGAINST DEFENDANT

79.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

80.   Defendant LVNV instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so.

81.   Defendant LVNV instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiff to pay Defendant LVNV money on a non-existent debt.

82.   The malicious plan of Defendant LVNV included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and the Defendant LVNV tried to accomplish this by the Defendant LVNV's malicious and abusive actions.

83.   Throughout the entire illegal lawsuit against Plaintiff, Defendant LVNV knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant LVNV knew it was not entitled to receive.

84.   The litigation against Plaintiff filed by Defendant LVNV eventually resulted in an adjudication in favor of Plaintiff after Defendant LVNV realized that its illegal scheme and plan had unraveled in that it had been caught, so much so that Defendant LVNV first tried to dismiss the case without prejudice and then refused to even show up for trial.

85.   The illegal and improper actions of the Defendant LVNV constitute malicious prosecution and abuse of process.

86.   The Plaintiff suffered past and future emotional distress and monetary loss as a direct and proximate result of Defendant LVNV's abuse of process and malicious prosecution.

## COUNT VI (ALL DEFENDANTS)

### FRAUD

87. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

88. Defendant LERS only took collection actions authorized by Defendant LVNV and only engaged in collection activities authorized by Defendant LVNV against Plaintiff Holland.

89. All of the activities of Defendant LERS were taken in the line and scope of its agency relationship with Defendant LVNV.

90. Defendant LERS sent a collection letter to Plaintiff in early 2008 making the representation that if Plaintiff paid $5,144.74, that the account would be settled in full and that the credit report agencies would be informed of this.

91. This collection letter was fraudulent as Defendants LVNV and LERS had no intention of considering the account settled in full and Defendant LVNV had no intention of informing the credit reporting agencies that the account was settled in full.

92. One intention of the Defendants LVNV and LERS was to deceive Plaintiff into paying $5,144.74 by promising that this payment would close the account.

93. The Defendants LVNV and LERS intended that after the payment of the $5,144.74 that either Defendants LVNV and LERS jointly or separately would continue collection activities against Plaintiff.

94. Some of these collection activities would include:

- Collection calls;

- False credit reporting that a balance was still owed and that the account had not been settled in full; and

- Filing of a lawsuit.

95.   Defendant LVNV took some or all of the actions listed above and may have engaged in other collection activities against Plaintiff that Plaintiff is not aware of at this time.

96.   Defendants LVNV and LERS suppressed the truth from Plaintiff in that Defendants LVNV and LERS did not reveal that the settlement offer was fraudulent and that Defendants either separately or jointly would continue to engage in collection activities against Plaintiff.

97.   Defendants LVNV and LERS had an obligation and a duty to speak the truth as Defendants LVNV and LERS are not allowed to make statements which do not contain the full truth.

98.   Plaintiff believed the Defendants LVNV and LERS and reasonably and justifiably relied upon the misrepresentations and suppressions of material facts.

99.   Plaintiff has been damaged by the misrepresentations and suppressions of material facts by Defendants LVNV and LERS in that Plaintiff paid $5,144.74 on a debt which is highly likely Plaintiff did not even owe, but regardless of that fact, Plaintiff paid this money and yet was subjected to the reprehensible abusive collection activities of the Defendants LVNV and LERS including false credit reporting and being sued by Defendant LVNV.

100.  Defendants committed the misrepresentation and suppressions of material facts intentionally, willfully, recklessly, wantonly, negligently, and/or innocently.

101.  Plaintiff just discovered the fraud when Defendant LVNV, in the last 12 months, began collection activities against Plaintiff.

102.  The misconduct of Defendants caused Plaintiff injuries and damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants LVNV and LERS:

### COUNT I. (LVNV ONLY)

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant LVNV;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant LVNV;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant LVNV.

- for such other and further relief as may be just and proper.

### COUNT II. (ALL DEFENDANTS)

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT III. (ALL DEFENDANTS)

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations and intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT IV. (ALL DEFENDANTS)

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT V (LVNV ONLY)

## MALICIOUS PROSECUTION AND ABUSE OF PROCESS AGAINST DEFENDANT

- for an award of actual damages from Defendant LVNV for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or wrongful violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

16

## COUNT VI (ALL DEFENDANTS)

### FRAUD

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or wrongful violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
**WATTS LAW GROUP, PC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
**M. STAN HERRING, P.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

### PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts
**Attorney for Plaintiff**

17

**Serve defendants via certified mail at the following address:**

LVNV Funding, LLC
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

Leading Edge Recovery Solutions, LLC
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**01-CV-201**<br>Date of Filing:<br>10/23/2010 | ELECTRONICALLY FILED<br>10/23/2010 11:44 AM<br>CV-2010-903838.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### TUFFY HOLLAND v. LVNV FUNDING, LLC ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:  FDCPA

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
Appeal/Enforcement of Agency Subpoena/Petition to
Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
Judgment/Injunction Election Contest/Quiet Title/Sale For
Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**   A ☐ **APPEAL FROM<br>DISTRICT COURT**   O ☐ **OTHER**

R ☐ **REMANDED**   T ☐ **TRANSFERRED FROM<br>OTHER CIRCUIT COURT**   _____

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  WAT056   10/23/2010 11:38:23 AM   /s JOHN GRIFFIN WATTS

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided

ELECTRONICALLY FILED
10/23/2010 11:44 AM
CV-2010-903838.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **TUFFY HOLLAND, an individual** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.:** |
| | ) |
| **LVNV FUNDING, LLC, a Corporation;** | ) |
| **LEADING EDGE RECOVERY** | ) |
| **SOLUTIONS, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## REQUEST FOR INSPECTION AT LVNV FUNDING, LLC

**TO:   DEFENDANT LVNV FUNDING, LLC**

    **PLEASE TAKE NOTICE** that pursuant to the <u>Rules of Civil Procedure</u>, Plaintiff propounds the following:

### INSTRUCTIONS

    If any objection is made to any of the following request, the Defendant LVNV shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendant LVNV shall state the legal basis for the privilege Defendant LVNV is invoking and provide a detailed privilege log to support the invocation of such privilege.

### REQUEST FOR INSPECTION PURSUANT TO RULE 34

    Pursuant to Rule 34 of the <u>Rules of Civil Procedure</u>, Plaintiff requests that Defendant LVNV provide access to its collection center for Defendant LVNV, which upon information and belief is located at an address of 15 South Main Street Greenville, S.C. 29601 on **Monday, January 31, 2011 at 10:00 a.m., or some other mutually agreeable time,** to the locations or things described herein and permit Plaintiff and Plaintiff's attorneys to inspect:

1.      The work areas and work stations, and/or former work areas and work stations of the individual collectors who collected or attempted to collect Plaintiff's account;

2.      The collection management offices of the managers of the individual collectors identified above;

3.      The physical phone systems, computer systems, and other manual or electronic systems used to conduct collection activities within the premises occupied by the individual collectors in their capacity as collectors with Defendant LVNV or former facilities thereof;

4.      The personal files of the individual collectors;

5.      A seating chart defining each work area within the Defendant LVNV's collection premises located at the above address and an organizational chart indicating the various reporting relationships between and amongst collection staff and management of the Defendant LVNV;

6.      Any and all recording equipment or call tracking equipment used or formally used by Defendant LVNV and/or it's collectors in the course of the collection activities for Defendant LVNV in this matter;

7.      Equipment, processes, or other electronic or manual methods whereby management and supervisory personnel employed by Defendant LVNV listen in, intercept, record, or otherwise monitor any and all collection calls made by individual collectors at the address listed above;

8.      System to receive notification from LERS of settlements and money; and

9.      System to send files to collection lawyers and the supervision or oversight of collection lawyers and litigation files including the suit against Plaintiff.

/s/ John G. Watts
**John G. Watts**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

SERVE WITH SUMMONS AND COMPLAINT

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2010-903838.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### TUFFY HOLLAND v. LVNV FUNDING, LLC ET AL

**NOTICE TO**    LVNV FUNDING, LLC, C/O CT CORPORATION SYSTEM 2 N. JACKSON ST. #605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    TUFFY HOLLAND
   pursuant to the Alabama Rules of the Civil Procedure

| 10/23/2010 11:44:54 AM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JOHN GRIFFIN WATTS

   Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date           Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>01-CV-2010-903838.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**

**TUFFY HOLLAND v. LVNV FUNDING, LLC ET AL**

NOTICE TO   LEADING EDGE RECOVERY SOLUTIONS, LLC, C/O CT CORPORATION SYSTEM 2 N. JACKSON ST. #605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   TUFFY HOLLAND
pursuant to the Alabama Rules of the Civil Procedure

| 10/23/2010 11:44:54 AM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s JOHN GRIFFIN WATTS

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                     _____

Date                                           Server's Signature



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
TUFFY HOLLAND v. LVNV FUNDING, LLC ET AL

**01-CV-2010-903838.00**

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $15.02**

Parties to be served by **Certified Mail - Return Receipt Requested**

LVNV FUNDING, LLC                          Postage: $7.51
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST. #605                 7009 1680 0001 9566 2257
MONTGOMERY, AL 36104


LEADING EDGE RECOVERY SOLUTIONS, LLC        Postage: $7.51
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST. #605                 7009 1680 0001 9566 2264
MONTGOMERY, AL 36104



Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

X _____

B. Received by ( Printed Name )

C. Date of Delivery

10/21/10

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

CW 10-963938

3. Service Type
☑ Certified Mail
☐ Registered
☐ Insured Mail
☐ Express Mail
☑ Return Receipt for Merchandise
☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7009 1680 0001 9566 2257

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

LVNV FUNDING, LLC
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST. #605
MONTGOMERY, AL 36104

UNITED STATES POSTAL SERVICE

• Sender: Please print your name, address, and ZIP+4 in this box •

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. N
BIRMINGHAM, ALABAMA 35203

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. N
BIRMINGHAM, ALABAMA

CLERK'S OFFICE

ANNE-MARIE ADAMS
Clerk

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LEADING EDGE RECOVERY SOLUTIONS, LLC
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST. #605
MONTGOMERY, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
10/26/10

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

CV 10- 903838 SvC

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7009 1680 0001 9566 2264

PS Form 3811, February 2004     Domestic Return Receipt     102595 02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-40

23 OCT 2010 PM 4 L

**FILED IN OFFICE**

• Sender: Please print your name, address, and ZIP+4 in this box •

OCT 29 2010

ANNE-MARIE ADAMS, CLERK
**ANNE-MARIE ADAMS**
**Clerk**

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

100



# EXHIBIT "B"

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **TUFFY HOLLAND,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | ) **Case No: CV-2010-903838.00** |
| | ) |
| | ) |
| **LVNV FUNDING, LLC, &** | ) |
| **LEADING EDGE RECOVERY** | ) |
| **SOLUTIONS, LLC.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE TO CIRCUIT CLERK AND PLAINTIFF OF FILING NOTICE OF REMOVAL

TO:    Anne-Marie Adams
Room 400 Jefferson County Courthouse
716 Richard Arrington, Jr. Boulevard North
Birmingham, Alabama 35203

John G. Watts
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

M. Stan Herring, PC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

**YOU ARE HEREBY NOTIFIED** of the filing of a Notice of Removal to the United States District Court for the Northern District of Alabama, Southern Division, in the case of *Tuffy Holland v. LVNV Funding, LLC & Leading Edge Recovery Solutions, LLC*, Civil Action No. 2010-903838.00, in the Circuit Court of Jefferson County, Alabama, in accordance with the provisions of 28 U.S.C. § 1446.  A copy of the Notice of Removal is attached hereto as Exhibit 1.

DATED this 23rd day of November, 2010.

Neal D. Moore, III,
Larry Young, Jr.
*Attorneys for LVNV Funding, Inc. &*
*Leading Edge Recovery Solutions, LLC.*

## CERTIFICATE OF SERVICE

This is to certify that on this the 23rd day of November 2010, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

_____mailing the same by first-class United States mail, properly addressed and postage pre-paid

_____hand delivery

_____via facsimile

_____E-File

John G. Watts
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone:(205) 879-2447
Fax:   (888) 522-7167
john@wattslawgroup.com

M. Stan Herring, PC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: (205) 714-4443
Fax:   (888) 522-7167
msh@mstanherringlaw.com

OF COUNSEL

{W0276520.1 }

# EXHIBIT "C"

ELECTRONICALLY FILED
10/23/2010 11:44 AM
CV-2010-903838.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **TUFFY HOLLAND, an individual** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.:** |
| | ) |
| **LVNV FUNDING, LLC, a Corporation;** | ) |
| **LEADING EDGE RECOVERY** | ) |
| **SOLUTIONS, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants state as follows:

1. This action arises out of Defendant LVNV's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA[1]"), and out of state law violations and out of the invasions of Plaintiff's personal and financial privacy by all of the Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Debt collectors are abusing Alabama consumers at an astonishing rate and are doing so as they believe few consumers know their rights or will act upon their rights so the economic gain far outweighs any perceived danger of a lawsuit or verdict.

3. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

   (a)  There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

---

[1] Any reference to the FDCPA includes all applicable subsections whether explicitly stated or not.

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)     **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)     It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## PARTIES

4.     Plaintiff Tuffy Holland (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant LVNV Funding, LLC, ("Defendant" or "LVNV[2]") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Alabama. Its principal place of business is in the State of Nevada and it is incorporated in Delaware.

6.     Defendant Leading Edge Recovery Solutions, LLC., ("Defendant" or "Leading Edge") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Alabama. Its principal place of business is in the State of Illinois and it is incorporated in Illinois.

## Factual Allegations

7.     Plaintiff settled his alleged LVNV debt with LVNV and LERS in March 2008 by paying $5,144.77 on an alleged debt of $7,349.63, which resulted in a zero balance being owed.

---

[2] LVNV means LVNV directly or through its debt collectors including Defendant LERS and the collection law firm that sued Plaintiff.

8.    Defendant LVNV started (within the last 12 months) calling Plaintiff to collect this non-existent debt after Plaintiff settled the debt with Defendant.

9.    Plaintiff pointed out to Defendant LVNV that he paid the debt and Defendant LVNV refused to stop collection activities.

10.   Instead, with full knowledge that Plaintiff owed Defendant LVNV no money, on or about April 5, 2010, Defendant LVNV sued Plaintiff in the Small Claims Court of Tuscaloosa County, Alabama, with a case number of SM-10-960, for the approximate difference between the amount claimed to be owed and the amount Plaintiff paid Defendants in March 2008.

11.   In this suit, Defendant LVNV asserted it was the owner of a certain debt allegedly owed by Plaintiff.

12.   In Plaintiff's Answer of May 3, 2010, Plaintiff produced a copy of the settlement collection letter by Defendants and the cancelled settlement check to the Court and the Defendant LVNV.

13.   In Plaintiff's Answer to the collection suit, Plaintiff stated "I would like for this company [LVNV] to do what they said they would do as I have already done."

14.   The collection letter from 2008 stated if the settlement amount was paid, "we will consider the account SETTLED IN FULL."

15.   An honorable debt collector would have immediately dismissed the case with prejudice.

16.   Defendant LVNV refused to dismiss the lawsuit.

17.   Defendant LVNV is not an honorable debt collector.

18.   Defendant LVNV waited until immediately before trial to take any action – this was an attempt to take Plaintiff's money when Plaintiff owed no money to Defendant LVNV.

19.    Defendant LVNV, realizing it had been caught, tried to dismiss the lawsuit the Friday before trial.  The motion to dismiss the lawsuit requested that the dismissal be <u>without prejudice</u> as the Defendant LVNV intended to be able to sue the Plaintiff in the future or to sell or assign the debt to a collector who would then collect against Plaintiff.  The Motion is dated April 27, 2010, but it is stamped filed on June 11, 2010, over 30 days <u>after</u> Defendant had been caught filing this bogus suit.

20.    Plaintiff had to hire legal counsel.

21.    The Court denied the "motion to dismiss without prejudice" on June 11, 2010.

22.    Showing a complete disrespect to the Plaintiff and to the Court, Defendant LVNV and/or Defendant LVNV's counsel did not even show up for the trial in the bogus and frivolous suit it brought against Plaintiff.

23.    The Judge entered an Order dismissing the case with prejudice on June 15, 2010.  The Order states "Dismissed with prejudice.  Plaintiff [LVNV] <u>failed to appear</u>." [Emphasis added].

24.    The Defendant LVNV filed and continued to prosecute the case without any reasonable basis to do so.

25.    The case against Plaintiff was brought with malice against Plaintiff.

26.    Defendant LVNV has falsely reported to the credit reporting agencies that Plaintiff owed it money.

27.    This was done in order to extort money out of Plaintiff.

28.    Defendant LVNV assigned the alleged debt to Defendant LERS at some point prior to March 2008.

29.  Defendant LERS only took collection actions authorized by Defendant LVNV and only engaged in authorized collection activities authorized by Defendant LVNV against Plaintiff Holland.

30.  All of the activities of Defendant LERS were taken in the line and scope of its agency relationship with Defendant LVNV.

31.  Defendant LERS sent a collection letter to Plaintiff in early 2008 making the representation that if Plaintiff paid $5,144.74, that the account would be settled in full and that the credit report agencies would be informed of this.

32.  This collection letter was fraudulent as Defendants LVNV and LERS had no intention of considering the account settled in full and Defendant LVNV had no intention of informing the credit reporting agencies that the account was settled in full.

33.  One intention of the Defendants LVNV and LERS was to deceive Plaintiff into paying $5,144.74 by promising that this payment would close the account.

34.  The Defendants LVNV and LERS intended that after the payment of the $5,144.74 that either Defendants LVNV and LERS jointly or separately would continue collection activities against Plaintiff.

35.  Some of these collection activities would include:

- Collection calls;

- False credit reporting that a balance was still owed and that the account had not been settled in full; and

- Filing of a lawsuit.

36.  Defendant LVNV took some or all of the actions listed above and may have engaged in other collection activities against Plaintiff that Plaintiff is not aware of at this time.

37. Defendants LVNV and LERS suppressed the truth from Plaintiff in that Defendants LVNV and LERS did not reveal that the settlement offer was fraudulent and that Defendants either separately or jointly would continue to engage in collection activities against Plaintiff.

38. Defendants LVNV and LERS had an obligation and a duty to speak the truth as Defendants LVNV and LERS are not allowed to make statements which do not contain the full truth.

39. Plaintiff believed the Defendants LVNV and LERS and reasonably and justifiably relied upon the misrepresentations and suppressions of material facts.

40. Plaintiff has been damaged by the misrepresentations and suppressions of material facts by Defendants LVNV and LERS in that Plaintiff paid $5,144.74 on a debt which is highly likely Plaintiff did not even owe, but regardless of that fact, Plaintiff paid this money and yet was subjected to the reprehensible abusive collection activities of the Defendants LVNV and LERS including false credit reporting and being sued by Defendant LVNV.

41. Plaintiff just discovered the fraud when Defendant LVNV, in the last 12 months, began collection activities against Plaintiff.

42. Defendants LVNV and LERS misconduct caused damage to the Plaintiff.

43. The Defendants LVNV and LERS misconduct was designed to harm the Plaintiff as Defendants LVNV and LERS acted with full knowledge of the damage this type of misconduct will cause.

44. Defendants LVNV and LERS were successful in their plan, scheme, design, and did in fact cause severe damages to Plaintiff.

6

## SUMMARY

45.    All of the above-described collection communications made to Plaintiff by Defendant LVNV and collection agents of Defendant LVNV were made in violation of the FDCPA, including (but not limited to) §1692d, §1692e (including (2), (5), (8), (10)), §1692f (including (1)).

46.    The above-detailed conduct by these Defendants LVNV and LERS of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

47.    This series of abusive collection actions by Defendants LVNV and LERS and their agents caused Plaintiff stress and anguish as a result of these abusive calls.

48.    Defendants LVNV and LERS attempts to collect this debt from Plaintiff and refusal to stop violating the law is an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

49.    Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants LVNV and LERS in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

50.    The only way that abusive debt collectors like Defendants LVNV and LERS will stop their abusive practices towards consumers is by a jury verdict fully compensating Plaintiffs for the harm done to Plaintiffs and by a punitive damage award in excess of $750,000.

51.    A punitive damage award in excess of $750,000 will get the attention of Defendants LVNV and LERS and other abusive debt collectors so that they will realize that it no

longer makes economic sense to abuse consumers in Alabama and to gain an unfair competitive advantage over honorable, law abiding collectors.

52.     A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate within the boundaries of the law.

### NEGLIGENT AND WANTON HIRING AND SUPERVISION

53.     Defendants LVNV and LERS negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

### CAUSES OF ACTION

### COUNT I. (LVNV ONLY)

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

54.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.     The acts and omissions of Defendant LVNV and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

56.     As a result of Defendant LVNV's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant LVNV.

## COUNT II. (ALL DEFENDANTS)

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

57.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

58.     Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

59.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

60.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

61.     Defendants and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

9

62.   Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

63.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

64.   The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

65.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

66.   All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## COUNT III. (ALL DEFENDANTS)

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

67.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

68.   Defendants' collectors are allowed and encouraged to break the law in order to collect debts.

69.   Defendants are aware of the wrongful conduct of their collectors.

70.   Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done

to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV (ALL DEFENDANTS)

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

71.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

72.   Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

73.   Defendants violated all of the duties Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

74.   It was foreseeable, and Defendants did in fact foresee it, the actions of the Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

75.   Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

76.   Defendants invaded the privacy of Plaintiff as set forth in Alabama law.

77.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

78.   As a result of this conduct, action, and inaction of Defendants, Plaintiff has suffered damages as set forth in this Complaint.

## COUNT V (LVNV ONLY)

## MALICIOUS PROSECUTION AND ABUSE OF PROCESS AGAINST DEFENDANT

79.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

80.    Defendant LVNV instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so.

81.    Defendant LVNV instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiff to pay Defendant LVNV money on a non-existent debt.

82.    The malicious plan of Defendant LVNV included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and the Defendant LVNV tried to accomplish this by the Defendant LVNV's malicious and abusive actions.

83.    Throughout the entire illegal lawsuit against Plaintiff, Defendant LVNV knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant LVNV knew it was not entitled to receive.

84.    The litigation against Plaintiff filed by Defendant LVNV eventually resulted in an adjudication in favor of Plaintiff after Defendant LVNV realized that its illegal scheme and plan had unraveled in that it had been caught, so much so that Defendant LVNV first tried to dismiss the case without prejudice and then refused to even show up for trial.

85.    The illegal and improper actions of the Defendant LVNV constitute malicious prosecution and abuse of process.

86.    The Plaintiff suffered past and future emotional distress and monetary loss as a direct and proximate result of Defendant LVNV's abuse of process and malicious prosecution.

## COUNT VI (ALL DEFENDANTS)

### FRAUD

87. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

88. Defendant LERS only took collection actions authorized by Defendant LVNV and only engaged in collection activities authorized by Defendant LVNV against Plaintiff Holland.

89. All of the activities of Defendant LERS were taken in the line and scope of its agency relationship with Defendant LVNV.

90. Defendant LERS sent a collection letter to Plaintiff in early 2008 making the representation that if Plaintiff paid $5,144.74, that the account would be settled in full and that the credit report agencies would be informed of this.

91. This collection letter was fraudulent as Defendants LVNV and LERS had no intention of considering the account settled in full and Defendant LVNV had no intention of informing the credit reporting agencies that the account was settled in full.

92. One intention of the Defendants LVNV and LERS was to deceive Plaintiff into paying $5,144.74 by promising that this payment would close the account.

93. The Defendants LVNV and LERS intended that after the payment of the $5,144.74 that either Defendants LVNV and LERS jointly or separately would continue collection activities against Plaintiff.

94. Some of these collection activities would include:

- Collection calls;

- False credit reporting that a balance was still owed and that the account had not been settled in full; and

13

- Filing of a lawsuit.

95. Defendant LVNV took some or all of the actions listed above and may have engaged in other collection activities against Plaintiff that Plaintiff is not aware of at this time.

96. Defendants LVNV and LERS suppressed the truth from Plaintiff in that Defendants LVNV and LERS did not reveal that the settlement offer was fraudulent and that Defendants either separately or jointly would continue to engage in collection activities against Plaintiff.

97. Defendants LVNV and LERS had an obligation and a duty to speak the truth as Defendants LVNV and LERS are not allowed to make statements which do not contain the full truth.

98. Plaintiff believed the Defendants LVNV and LERS and reasonably and justifiably relied upon the misrepresentations and suppressions of material facts.

99. Plaintiff has been damaged by the misrepresentations and suppressions of material facts by Defendants LVNV and LERS in that Plaintiff paid $5,144.74 on a debt which is highly likely Plaintiff did not even owe, but regardless of that fact, Plaintiff paid this money and yet was subjected to the reprehensible abusive collection activities of the Defendants LVNV and LERS including false credit reporting and being sued by Defendant LVNV.

100. Defendants committed the misrepresentation and suppressions of material facts intentionally, willfully, recklessly, wantonly, negligently, and/or innocently.

101. Plaintiff just discovered the fraud when Defendant LVNV, in the last 12 months, began collection activities against Plaintiff.

102. The misconduct of Defendants caused Plaintiff injuries and damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants LVNV and LERS:

**COUNT I. (LVNV ONLY)**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant LVNV;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant LVNV;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant LVNV.

- for such other and further relief as may be just and proper.

**COUNT II. (ALL DEFENDANTS)**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

15

## COUNT III. (ALL DEFENDANTS)

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations and intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT IV. (ALL DEFENDANTS)

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT V (LVNV ONLY)

## MALICIOUS PROSECUTION AND ABUSE OF PROCESS AGAINST DEFENDANT

- for an award of actual damages from Defendant LVNV for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or wrongful violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

16

## COUNT VI (ALL DEFENDANTS)

### FRAUD

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or wrongful violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
**WATTS LAW GROUP, PC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
**M. STAN HERRING, P.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

### PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts
**Attorney for Plaintiff**

17

**Serve defendants via certified mail at the following address:**

LVNV Funding, LLC
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

Leading Edge Recovery Solutions, LLC
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104