FILED

2010 Dec-13  PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| TUFFY HOLLAND, | ) |
| | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )     **CASE No: 2:10-CV-03223-SLB** |
| | ) |
| LEADING EDGE RECOVERY | ) |
| SOLUTIONS, LLC. & | ) |
| LVNV FUNDING, LLC., | ) |
| | ) |
|     Defendant. | ) |

## <u>ANSWER</u>

COMES NOW the Defendant, Leading Edge Recovery Solutions, LLC., ("LERS") and Answers the Complaint in this matter as follows:

1.    The Defendant denies any violation of the FDCPA or Alabama state law.

2.    Denied.

3.    The Defendant pleads the content of the FDCPA is the best evidence of its meaning and denies engaging in any behavior towards the plaintiff that violates the FDCPA.

### <u>Parties</u>

4.    The Defendant has insufficient information to admit whether the Plaintiff is a "consumer" as defined by the FDCPA.  The Defendant has no information regarding the county of residence of the Plaintiff and thus reserves the right to contest venue.  The Defendant admits the Plaintiff is an Alabama resident on information and belief.

5.    Defendant has insufficient information to admit or deny this averment.

{W0276885.1 }

6.      The Defendant admits it is a foreign company that at times engages in debt collection.

## **Factual Allegations**

7.      The Defendant admits the Plaintiff paid $5,144.74 to settle his debt with LVNV.

8.      Defendant has insufficient information to admit or deny this averment.

9.      Defendant has insufficient information to admit or deny the allegations within Paragraph 9 of the Complaint.

10.      Defendant has insufficient information to admit or deny the allegations within Paragraph 10 of the Complaint.

11.      Defendant has insufficient information to admit or deny the allegations within Paragraph 11 of the Complaint.

12.      Defendant has insufficient information to admit or deny the allegations within Paragraph 12 of the Complaint.

13.      Defendant has insufficient information to admit or deny the allegations within Paragraph 13 of the Complaint.

14.      Defendant admits to sending letters to the Plaintiff in 2008.

15.      Defendant has insufficient information to admit or deny the allegations within Paragraph 15 of the Complaint.

16.      Defendant has insufficient information to admit or deny the allegations within Paragraph 16 of the Complaint.

17.      Denied.

{W0276885.1 }

18.     Defendant has insufficient information to admit or deny the allegations within Paragraph 18 of the Complaint.

19.     Defendant has insufficient information to admit or deny the allegations within Paragraph 19 of the Complaint.

20.     Denied.

21.     The Defendant pleads that the Orders entered by the Court are self-explanatory and the best evidence of their own contents.

22.     Defendant has insufficient information to admit or deny the allegations within Paragraph 22 of the Complaint.

23.     The Defendant pleads that the Orders entered by the Court are self-explanatory and the best evidence of their own contents.

24.     Defendant has insufficient information to admit or deny the allegations within Paragraph 24 of the Complaint.

25.     Defendant has insufficient information to admit or deny the allegations within Paragraph 25 of the Complaint.

26.     Defendant has insufficient information to admit or deny the allegations within Paragraph 26 of the Complaint.

27.     Defendant has insufficient information to admit or deny the allegations within Paragraph 27 of the Complaint.

28.     Admitted.

29.     The Defendant admits it was authorized to take the collection activities in which it engaged.

30.     This averment calls for a legal conclusion.

31.     The Defendant admits sending a correspondence to the Plaintiff in early 2008 and pleads that the contents of the correspondence are the best evidence of its meaning.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Defendant has insufficient information to admit or deny the allegations within Paragraph 36 of the Complaint.

37.     Denied.

38.     The Defendant denies violating any obligation or duty to the Plaintiff and denies making any false statements.  The Defendant denies making any misrepresentation and denies any suppression.  To the extent this averment seeks a legal conclusion, the Defendant can neither admit or deny it.

39.     Denied.

40.     Denied.

41.     The Defendant denies committing fraud and has insufficient information to admit or deny the remainder of this averment.

42.     Denied.

43.     Denied.

44.     Denied.

## Summary

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

53.     Denied.

## COUNT I - VIOLATIONS OF FDCPA (LVNV only)

54.     Defendant incorporates by reference all the above paragraphs as if fully stated therein.

55.     This averment does not state a claim or cause of action against this Defendant.  To the extent an answer is required, the Defendant denies the material allegations and demands strict proof thereof.

56.     This averment does not state a claim or cause of action against this Defendant.  To the extent an answer is required, the Defendant denies the material allegations and demands strict proof thereof.

{W0276885.1 }

## COUNT II – INVASION OF PRIVACY BY INSTRUSION UPON SECLUSION (both Defendants)

57.     Defendant incorporates by reference all the above paragraphs as if fully stated therein.

58.     The Defendant denies any violation of Alabama law.

59.     The Defendant pleads the content of the FDCPA is the best evidence of its meaning.

60.     The Defendant pleads the contents of the Gramm Leech Bliley Act are the best evidence of its meaning.

61.     Denied.

62.     Denied.

63.     This averment seeks a legal conclusion.

64.     Denied.

65.     Denied.

66.     Denied.

## COUNT III – NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS (both Defendants)

67.     Defendant incorporates by reference all the above paragraphs as if fully stated therein.

68.     Denied.

69.     Denied.

70.     Denied.

## COUNT IV – NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT
### (both Defendants)

71.　Defendant incorporates by reference all the above paragraphs as if fully stated therein.

72.　Denied.

73.　Denied.

74.　Denied.

75.　Denied.

76.　Denied.

77.　Denied.

78.　Denied.

## COUNT V – MALICIOUS PROSECUTION (LVNV only)

79.　Defendant incorporates by reference all the above paragraphs as if fully stated therein.

80.　This averment does not state a claim or cause of action against this Defendant.　To the extent an answer is required, the Defendant denies the material averments against it and demand strict proof thereof.

81.　This averment does not state a claim or cause of action against this Defendant.　To the extent an answer is required, the Defendant denies the material averments against it and demand strict proof thereof.

82.     This averment does not state a claim or cause of action against this Defendant.   To the extent an answer is required, the Defendant denies the material averments against it and demand strict proof thereof.

83.     This averment does not state a claim or cause of action against this Defendant.   To the extent an answer is required, the Defendant denies the material averments against it and demand strict proof thereof.

84.     This averment does not state a claim or cause of action against this Defendant.   To the extent an answer is required, the Defendant denies the material averments against it and demand strict proof thereof.

85.     This averment does not state a claim or cause of action against this Defendant.   To the extent an answer is required, the Defendant denies the material averments against it and demand strict proof thereof.

86.     This averment does not state a claim or cause of action against this Defendant.   To the extent an answer is required, the Defendant denies the material averments against it and demand strict proof thereof.

## COUNT VI – FRAUD (both Defendants)

87.     Defendant incorporates by reference all the above paragraphs as if fully stated therein.

88.     The Defendant admits it was authorized to take the collection activities in which it engaged.

89.     This averment calls for a legal conclusion.

90.     Defendant admits sending a collection letter to the Plaintiff in early 2008 and pleads that the contents of the letter are the best evidence of its meaning.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Defendant has insufficient information to admit or deny the allegations within Paragraph 95 of the Complaint.

96.     Denied.

97.     The Defendant denies violating any obligation or duty to the Plaintiff and denies any fraudulent statements.  The Defendant denies any misrepresentations or suppression of facts.  To the extent this averment seeks a legal conclusion, the Defendant can neither admit or deny it.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

## PRAYER FOR RELIEF

The Defendant denies the plaintiff is entitled to the relief claimed against it.

## AFFIRMATIVE DEFENSES

1.      The Defendant pleads the general issue.

{W0276885.1 }

2.      The Defendant pleads not guilty.

3.      The Defendant pleads the complaint fails to state a claim or cause of action upon which relief can be granted.

4.      The Defendant pleads the applicable statute of limitations.

5.      The Defendant denies the Plaintiff has suffered any legally recognizable damages as a result of any act, error, or omission of this Defendant.

6.      The Defendant pleads the Plaintiff has failed to mitigate damages in accordance with Alabama law.

7.      The Defendant pleads the conduit of information defense.

8.      The Defendant pleads lack of knowledge of any allegedly suppressed fact.

9.      The Defendant denies the breach of any duty between itself and the Plaintiff.

10.      The Defendant avers it acted at all times in good faith reliance on the information known to it.

11.      The Defendant pleads the lack of any causal relationship between its actions and/or omissions and the damages claimed by the Plaintiff.

12.      The Defendant pleads any actual damages the Plaintiff has suffered are the result of acts or admissions of individuals or entities other than this Defendant and for which this Defendant is not legally responsible and over which this Defendant has no control or responsibility.

13.     The Defendant pleads it took no action to cause intentional injury to the Plaintiff and at all times acted in good faith and without malice, knowledge of wrongdoing, or willfulness.

14.     Because this matter is still under investigation and to avoid waiver, the Defendant asserts the following defenses: 1) improper venue, 2) insufficient process, 3) insufficient service of process, 4) failure to join a necessary or indispensable party, 5) contributory negligence, and 6) assumption of the risk.

15.     The Defendant pleads any award of punitive damages is unwarranted and violative of the due process clauses of the United State and Alabama Constitutions.

16.     The Plaintiff cannot recover punitive damages against the Defendant because such an award, which is penal in nature, would violate the Defendant's constitutional rights protected under the United States and Alabama Constitutions unless the Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination and a requirement of proof beyond a reasonable doubt.

17.     To avoid waiver, the Defendant pleads the defense of contributory negligence.

18.     The Defendant avers that the imposition of punitive damages in this case without any limitations or guidelines for the jury will violate the defendant's right to due process guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, Section 6, of the Alabama Constitution.

19.    The Defendant avers § 6-11-21 Alabama Code (1975) places a maximum limit of "three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater" on punitive damages recoverable, if at all, by the Plaintiff in this case.

20.    The Defendant avers the public policy of the State of Alabama as set forth in § 6-11-21 Alabama Code (1975) established a maximum limited on punitive damages recoverable (if any) by the Plaintiff and that Plaintiff cannot recover more than the limit established by the public policy of this state.

21.    The Defendant denies any acts or omission which gives rise to Plaintiff's recovery of punitive damages in this case, but should a jury award punitive damages, in a verdict of more than the amount allowable under Alabama Code § 6-11-21, it is void as the proximate result of § 6-11-21 of the Alabama Code (1975).

22.    As discovery is ongoing, the Defendant reserves the right to assert additional affirmative defenses as they may become known.

Respectfully Submitted,

/s/ Neal D. Moore, III_____
Neal D. Moore
Larry Young, Jr.
*Attorneys for Defendant*
*Leading Edge Recovery Solutions, LLC.*

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
(205)879-8722

{W0276885.1 }

## **CERTIFICATE OF SERVICE**

This is to certify that on this 13th day of December, 2010, a copy of the forgoing document has been electronically filed and served upon counsel for all parties to this proceeding via e-file:

John G. Watts, Esq.
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
john@watsslawgroup.com

M. Stan Herring, Esq.
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
msh@mstanherringlaw.com

/s/ Neal D. Moore, III_____